**UNITED STATES of America,**
**Plaintiff,**

v.

**FRANK B. KILLIAM CO., Defendant.**

**Civ. A. No. 33845.**

United States District Court
N. D. Ohio, E. D.
June 30, 1958.

George W. Morrison, Cleveland, Ohio, for United States.

Ray T. Miller, Cleveland, Ohio, for Killiam Co.

608

CONNELL, District Judge.

This cause is before the Court on the motion of the Frank B. Killiam Company, defendant, to dismiss the complaint. The action is a statutory cause of action.

The complaint was filed by the United States, plaintiff, under the Royalty Adjustment Act of 1942 (Public Law No. 768, 35 U.S.C., Sections 89 to 96), against the Frank B. Killiam Company, defendant, for the recovery of excess royalties charged by the defendant to its licensee in connection with the procurement by the War department of articles manufactured under patents owned by defendant for inventions pertaining to methods and apparatus for the manufacture of mechanical prophylactics during the period from July 1, 1943 to January 1, 1946.

Plaintiff alleges that on October 16, 1944, plaintiff and defendant entered into a written contract providing for adjustment of royalties prior to July 1, 1944 and that after July 1, 1944, royalties were to remain under the jurisdiction of the Government for adjustment by refund under the Act, or as may be determined after June 30, 1944 by order under the Act.

Plaintiff alleges further that pursuant to the aforementioned contract, notice under the Act was given to the defendant and licensees under defendant's patents on May 1, 1946, for the purpose of adjusting the royalties charged to or for the Government for said inventions, following which a hearing was had before the Royalty Adjustment Board of the Surgeon General. Thereafter, on July 26, 1946, the War Department issued Royalty Adjustment Order No. W–34 wherein royalties charged to the Government were fixed at $279,472.48. A demand was made on defendant for $125,000, such amount having been paid to defendant in excess of the amount of royalties fixed by the Board.

Wherefore, plaintiff demands judgment against defendant for $125,000— with interest at 6% per annum.

Defendant moves to dismiss the complaint on two grounds; 1) the action is barred by the Statute of Limitations. 2) the complaint fails to state a claim against the defendant upon which relief can be granted, since it appears from the complaint and the statute relied upon that the relief sought is clearly not provided for by the Royalty Adjustment Act of 1942.

The pertinent provisions of the Act insofar as they apply to this cause are as follows:

Sec. 1, Sec. 2, Sec. 3, Sec. 4, Sec. 6 and Sec. 7,

Defendant in support of its motion alleges that "It is clear from the face of the complaint that the Government is attempting to obtain a refund which the Royalty Adjustment Act does not provide for; that the Act, in Section 7, is specifically limited to royalties for any "materials to be delivered to or for the Government from and after the effective date of notice provided for in Section 1 hereof."

Defendant alleges that "The only notice issued by the Government was on May 1, 1946 as set out in paragraph 6 of the complaint, and it is clear from paragraph 4 of the complaint that no materials were procured by the Government subsequent to January 1, 1946"; that "It is likewise clear from paragraph 7 of the complaint that all royalties were paid to the licensee by December 31, 1945 prior to the effective date of the notice."

Defendant alleges further that "The agreement entered into between the Government and licensor, purportedly under Section 3 of the Act, attempted to rewrite the provisions of the Act by making it apply to royalties for materials delivered prior to the effective date of the notice, and for which the licensor had been paid prior to the effective date of the notice"; that "The only contractual authority given the Government by Section 3 is to settle claims which the licensor may have against the Government and to provide for the amount of royalty to be paid for future use of the

invention"; that "Presumably the Gov-ernment in the agreement of October 16, 1944 could have established the royalty for future delivery but it did not do so. It attempted, rather, to re-write the legislation to make the Act apply in an area in which Congress has specifically said it should not apply".

Assuming without deciding that this action is not barred by a Statute of Limitations, we are constrained to decide whether or not the relief demanded by the Government falls within the provisions of the Royalty Adjustment Act of 1942.

The Government is restricted to a literal and strict construction of the Royalty Adjustment Act. United States v. Youngstown Sheet & Tube Co., D.C., 81 F.Supp. 996.

The purpose of the Act was to give the Government the power to regulate the amount of royalties paid to the licensor by the licensee on patents used for production of war materials, in order to prevent payment of excessive royalties, which would necessarily increase the cost of the product or production method to the Government.

The procedure to be followed as outlined by the Act was as follows:

The Royalty Adjustment Board inquired into the amount of royalties paid by the licensee to the licensor and on the basis of such inquiry, taking into consideration all the surrounding facts and circumstances, companion type patents etc., it would issue an Order wherein it would specify a royalty amount deemed to be just and reasonable. Notice thereafter would be sent to all parties. The licensor, aggrieved by the Order by virtue of Section 2 of the Act, had the right to institute suit in the District Court or Court of Claims, to recover any such sum to which he believed he was entitled.

The Order aforementioned preceded delivery of materials or use of the manufacturing process.

In the case at bar the Government is asking for a refund from the defendant licensor for alleged excessive royalty payments for use of its manufacturing process before the Royalty Adjustment Board Order had been given.

Clearly, the Act does not provide for such suits on behalf of the Government against the licensor for use of its manufacturing process prior to the date of its Order.

The Act gave no authority to the Royalty Adjustment Board to enter into any agreement with a licensor for refunds of royalties on goods delivered or processes used prior to the effective date of the notice.

The intent of Congress to restrict the Government to refunds only on goods delivered or processes used subsequent to the effective date of notice is clearly shown in House of Representatives Report No. 2602, 77th Congress, 2nd Session, October 22, 1942, Committee on Patents—page 3, where the committee stated as follows:

"The amendments recommended by your committee on page 5 in lines 11 and 16 are considered necessary to define more clearly the royalties to which the provisions of the Act will be applicable. While all royalties remaining unpaid at the date of the passage of the Act will be carefully scrutinized by the various interested Government departments and agencies, the proposed amendments will insure that the only royalties subject to reduction, if found excessive or unreasonable, are those based on goods to be delivered to the Government from and after the effective date of the notice provided for in Section 1 of the Act, and those royalties based on supplies already delivered to the Government which have not been paid to the licensor prior to the effective date of such notice".

As a matter of law, the relief demanded by the Government herein is not provided for by the Royalty Adjustment Act of 1942.

Defendant's motion to dismiss will be granted.